**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, January 19, 2023**                                      **Hearing Room    301**

---

<u>1:30 PM</u>
**1:22-10981    Jeffrey A Harman**                                                    **Chapter 7**

    **#4.00**    Creditor Huan Zhang's Motion for Examination of Debtor and
           Document Production pursuant to Bankruptcy Rule 2004

                     Docket    17

**Judge:**

The Court will grant the Motion.

**I.   BACKGROUND**

    *A.   Pre-Petition Events*

On August 14, 2018, creditor Huan Zhang ("Creditor") filed an action against Jeffrey
A. Harman ("Debtor") in Los Angeles County Superior Court, initiating case no.
BC717682 (the "State Court Complaint"). *See* Motion, doc. 17, p. 11. The State Court
Complaint alleged nine causes of action: (1) breach of contract; (2) fraud and
fraudulent inducement; (3) undue influence; (4) violation of California Penal Code §
496; (5) breach of fiduciary duty; (6) intentional infliction of emotional distress; (8)
declaratory relief; and (9) an accounting.  On February 23, 2022, the state court
entered judgment, ruling that Debtor was liable to Creditor in the amount of $210,364
(the "Judgment"). *Id*.

    *B.   The Bankruptcy Case*

On August 23, 2022, Debtor filed a voluntary petition under chapter 7. Amy L.
Goldman was appointed as the chapter 7 trustee (the "Trustee"). On January 5, 2023,
the Trustee filed a report of no distribution. On January 9, 2023, the Court entered an
order of discharge [doc. 29].

On December 27, 2022, Creditor filed the Motion [doc. 17]. On December 30, 2022,
Debtor filed an objection to the Motion (the "Objection") [doc. 19]. On January 5,
2023, Creditor filed a response to the Objection [doc. 27].

    *1.   Debtor's Scheduled Assets*

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, January 19, 2023**                                                          **Hearing Room    301**

<u>1:30 PM</u>
**CONT...**       **Jeffrey A Harman**                                                                 **Chapter 7**

### i. Business Interests

In his amended schedule A/B [doc. 11], Debtor identified an interest in Conjunction LLC ("Conjunction"), valued at $2,500. Debtor stated that "[Conjunction] [wa]s a self-service entity with no assets. Consulting service. At the time of the petition, there was $4,975.72 in the business account with business expenses owed against that sum." *See* doc 11. In his amended schedule C [doc. 11], Debtor claimed a $2,500 exemption in his interest in Conjunction under California Code of Civil Procedure ("CCP") § 703.140(b)(5). In response to item 27 in his amended statement of financial affairs [doc. 11], Debtor described the nature of Conjunction's business as "[c]onsulting."

In addition, in his amended schedule A/B [doc. 11], Debtor identified an interest in APC Tech, LLC ("APC"), valued at $0. Debtor stated that he and Creditor were co-owners of APC and that "the liabilities of [APC] exceed its assets." In response to item 27 in his amended statement of financial affairs [doc. 11], Debtor described the nature of APC's business as "motion picture equipment and production."

### ii. Vehicles

In his amended schedule A/B [doc. 11], Debtor identified an interest in six vehicles: (1) a 2016 Ford Fusion, valued at $2,000 (the "Fusion"); (2) a 2000 Ford Excursion, valued at $1,000; (3) a 2007 Interstate Loan Runner, which Debtor described as a utility trailer, valued at $1,000; (4) a 2017 Indian Motorcycle, valued at $8,000; (5) a 2006 Ford Crown Victoria, valued at $300; and (6) a 2005 Ford Escape, valued at $500 (collectively, the "Vehicles").

In his schedule D [doc. 1], Debtor identified Capital One as a creditor with a claim in the amount of $8,576, which is secured by a lien against the Fusion. Debtor did not identify any liens against the other Vehicles. *See* doc. 1.

### iii. Residuals

In his amended schedule A/B [doc. 11], Debtor identified an interest in "[r]esiduals for [Debtor's] wife", valued at $15,000 (the "Residuals"). With respect to the

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, January 19, 2023**                                                    **Hearing Room   301**

<u>1:30 PM</u>
**CONT...      Jeffrey A Harman**                                                          **Chapter 7**

Residuals, Debtor stated that "[f]or the past five years the total amount was
$12,253.43 with the amounts decreasing annually." *Id*. In his amended schedule C
[doc. 11], Debtor claimed a $15,000 exemption in the Residuals under CCP §
703.140(b)(5).

### iv.  Aiden Harman

In his amended schedule A/B [doc. 11], Debtor identified an interest in a "[c]laim of
transfers to Aidan Harman", valued at $3,711.35 (the "Aiden Claim"). In his amended
schedule C [doc. 11], Debtor claimed a $3,711.35 exemption in the Aiden Claim
under CCP § 703.140(b)(5).

### 2.  Debtor's Income

In his schedule I [doc. 1], Debtor stated that both he and his spouse were employed by
Conjunction and that he had been employed by Conjunction for eight years. [**FN 1**].
*See* doc. 1. Debtor further stated that his and his spouse each had monthly take home
pay, as of the date of filing his petition, in the amount of $1,050. *Id*.  Debtor also
disclosed that he received $1,313 per month, and that his spouse received $1,406 per
month, from "rental property and from operating a business, profession, or farm." *Id*.

### C.  The Adversary Proceeding

On November 28, 2022, Creditor filed a complaint against Debtor, initiating adversary
proceeding no. 1:22-ap-01060-VK (the "Adversary Proceeding").  Creditor is pursing
claims for nondischargeability of debt pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4)
and (a)(6).

In the complaint [Adversary Proceeding, doc. 1], Creditor contends that Debtor
intentionally made false representations to induce Creditor to enter into an operating
agreement in connection with APC, and to sign documents relating to a film project
called Riley's Rainbow. Creditor further contends that, as a result of Debtor's false
representations, she paid Debtor $210,364 and that Debtor diverted those funds for
personal or other business ventures.

On December 30, 2022, Debtor filed a motion to dismiss the Adversary Proceeding

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, January 19, 2023**                                    **Hearing Room        301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                        **Chapter 7**
(the "Motion to Dismiss") [Adversary Proceeding, doc. 4]. The Motion to Dismiss is
set for hearing on February 15, 2023.

### D.  The Motion

In the Motion, Creditor requests that the Court direct Debtor to appear for
examination on January 19, 2023, at 10:00 a.m., and to produce the following
documents:

    i.   All of [Debtor]'s monthly bank statements for all bank accounts for
the time period of January 1, 2017 to the petition date;
    ii.  All of [Debtor]'s brokerage statements for all brokerage accounts
for the time period of January 1, 2017 to the petition date;
    iii. All of [Debtor]'s spouse's monthly bank statements for all bank
accounts for the time period of January 1, 2017 to the petition date;
    iv. All of [Debtor]'s spouse's brokerage statements for all brokerage
accounts for the time period of January 1, 2017 to the petition date;
    v.  All of [APC]'s monthly bank statements for all bank accounts for
the time period of January 1, 2017 to the petition date;
    vi. All of [APC]'s brokerage statements for all brokerage accounts for
the time period of January 1, 2017 to the petition date;
    vii. All of [Conjunction]'s monthly bank statements for all bank
accounts for the time period of January 1, 2017 to the petition date;
    viii. All of [Conjunction]'s brokerage statements for all brokerage
accounts for the time period of January 1, 2017 to the petition date;
    ix. Documents sufficient to identify all assets of [APC];
    x.  Documents sufficient to identify all assets of [Conjunction];
    xi. Documents sufficient to establish [Debtor's], [APC]'s, or
[Conjunction]'s interest in any scripts regarding "Riley's
Rainbow";
    xii. All insurance policies in which [Debtor], [Debtor]'s spouse,
[APC], or [Conjunction] has any interest;
    xiii. All appraisals of any assets owned by [Debtor], [Debtor]'s spouse,
[APC], or [Conjunction];
    xiv. Documents evidencing all residual payments to [Debtor]'s spouse
from January 1, 2017 to the present;

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, January 19, 2023**                                                                 **Hearing Room    301**

<u>1:30 PM</u>
**CONT...    Jeffrey A Harman                                                                    Chapter 7**

        xv. All statements regarding any life insurance policy in which
           [Debtor] or [Debtor]'s spouse has any interest;
        xvi. Documents sufficient to establish the cash value of any life
           insurance policy in which [Debtor] or [Debtor]'s spouse has an
           interest;
        xvii. Documents sufficient to establish all of [Debtor]'s sources of
           income from January 1, 2017 to the petition date;
        xviii. Documents sufficient to establish all of [Debtor]'s spouse's
           sources of income from January 1, 2017 to the petition date;
        xix. [Debtor]'s 2019 federal and state tax returns;
        xx. [Debtor]'s spouse's 2019 federal and state tax returns;
        xxi. [APC]'s 2019 federal and state tax returns;
        xxii. [Conjunction]'s 2019 federal and state tax returns;
        xxiii. [Debtor]'s 2020 federal and state tax returns;
        xxiv. [Debtor]'s spouse's 2020 federal and state tax returns;
        xxv. [APC]'s 2020 federal and state tax returns;
        xxvi. [Conjunction]'s 2020 federal and state tax returns;
        xxvii. [Debtor]'s 2021 federal and state tax returns;
        xxviii. [Debtor]'s spouse's 2021 federal and state tax returns;
        xxix. [APC]'s 2021 federal and state tax returns;
        xxx. [Conjunction]'s 2021 federal and state tax returns.

Motion, pp. 14-15.

According to Creditor, the purpose of the examination under Fed. R. Bankr. P
("Rule") 2004 is to discover all assets of the estate. Creditor contends that APC and
Conjunction own substantial assets, which indicates that Debtor may have
undervalued the estate's interests in these entities. Creditor further contends that
Debtor has not provided adequate information regarding the values of the Residuals or
the Vehicles nor evidence of Debtor's or Debtor's spouse's income.

Creditor states that the examination cannot proceed under Rules 7030 or 9014 because
the scope of the examination under Rule 2004 is different and broader than the scope
of a deposition that could take place in the Adversary Proceeding. The issue in the
Adversary Proceeding is whether the debt owed to Creditor is dischargeable; in the
Rule 2004 examination, Creditor intends to explore Debtor's assets, income and

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, January 19, 2023**                                    **Hearing Room        301**

<u>1:30 PM</u>
**CONT...       Jeffrey A Harman**                                              **Chapter 7**
overall financial condition.

According to Creditor, Debtor may own several valuable assets, which would be the subject of the examination:

### i.   APC

Creditor contends that Debtor produced evidence in the State Court Action stating that the replacement value of APC's equipment was $309,085. In addition, APC may own at least one vehicle.

### ii.   Conjunction

Creditor states Debtor has not explained how Debtor valued the estate's interest in Conjunction, especially considering that Conjunction previously maintained an insurance policy with coverage in the amount of $470,338.95.

### iii.  Riley's Rainbow

According to Creditor, APC owns a script known as Riley's Rainbow, which Creditor believes was purchased for tens of thousands of dollars.

### iv.  Debtor's Spouse's Assets

Creditor states that the bankruptcy estate consists of Debtor's separate property (if any) and community property of Debtor and his spouse. Creditor seeks to ascertain whether Debtor's schedules contain all of this community property.

### v.   Aiden Claim

Creditor seeks to obtain additional information regarding the Aiden Claim and the value of this asset.

### vi.  Bank Transfers

Creditor states that she received bank records in connection with the State Court Action which showed tens of thousands of dollars being transferred between accounts

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, January 19, 2023**                                    **Hearing Room    301**

<u>1:30 PM</u>
**CONT...      Jeffrey A Harman**                                                    **Chapter 7**

held by Debtor, APC and Conjunction.

### vii. Debtor's Income

Creditor contends that documents produced in the State Court Action showed that Debtor and Debtor's spouse regularly deposited approximately $13,000 per month into one of their bank accounts. Creditor further contends that Debtor has not explained how his income decreased from approximately $13,000 per month to $4,8191 per month, as set forth in Debtor's schedule I.

## II.  LEGAL AUTHORITY

### A.  Relevant Statute

Rule 2004 states, in relevant part—

  (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
  (b) Scope of Examination. The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge…

### B.  Relevant Caselaw

Rule 2004 "is the basic discovery device in bankruptcy cases. It allows broad examination relating to 'the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge.'" *In re Mastro*, 585 B.R. 587, 596-97 (B.A.P. 9th Cir. 2018). "As a general proposition, Rule 2004 examinations are appropriate for revealing the nature and extent of the bankruptcy estate, and for 'discovering assets, examining transactions, and determining whether wrongdoing has occurred.'" *In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002). "As the Rule's text makes clear, the scope of a Rule 2004 examination is 'unfettered and broad'; the rule essentially permits a 'fishing expedition.'" *Mastro*, 585 B.R at 597.

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

---

**Thursday, January 19, 2023**                                                      **Hearing Room    301**

---

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                        **Chapter 7**

However, "Rule 2004 is not without its limits." *Id*.

"When a party seeks to conduct a 2004 examination, and the party to be examined objects, the former must show that it has 'good cause' to conduct the examination." *In re Subpoena Duces Tecum*, 461 B.R. 823, 829 (Bankr. C.D. Cal. 2011). "The opportunity for such an examination is available to 'any party in interest,'…but whether or not the court allows the examination is a matter committed to its discretion and requires a sufficient cause." *In re J & R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010); Rule 2004(a). "Once the examiner establishes the existence of 'good cause,' the burden shifts back to the objecting party to show that examination would be oppressive or burdensome." *Subpoena Duces Tecum*, 461 B.R. at 829

"The well recognized rule is that once an adversary proceeding or contested matter has been commenced, discovery is made pursuant to the [Rule] 7026 *et seq*., rather than by a [Rule] 2004 examination." *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). "Many courts have expressed distaste for efforts of parties to utilize [Rule] 2004 examinations to circumvent the restrictions of the F.R.Civ.P. in the context of adversary proceedings or contested matters." *In re Valley Forge Plaza Associates*, 109 B.R. 669, 674–75 (Bankr. E.D. Pa. 1990).

There is an exception to precluding the use of Rule 2004 examinations once an adversary proceeding is commenced. As the court stated in *Bennett Funding:* "[d] iscovery of evidence *related* to the pending proceeding must be accomplished in accord with more restrictive provisions of [the Federal Rules of Bankruptcy Procedure], while *unrelated* discovery should not be subject to those rules simply because there is an adversary proceeding pending." *Bennett Funding*, 203 B.R. at 29 (emphasis in original). When the Rule 2004 examination relates not to the pending adversary litigation, but to another matter, "the 'pending proceeding' rule does not apply." *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002).

**III. ANALYSIS**

Here, Creditor has shown good cause for a Rule 2004 examination of Debtor to establish whether or not there are undisclosed or undervalued assets that could be administered for the benefit of the estate. Among other things, Ceditor articulated a number of inconsistencies between the documents and information she obtained

---

**United States Bankruptcy Court**
**Central District of California**
**San Fernando Valley**
**Victoria Kaufman, Presiding**
**Courtroom 301 Calendar**

**Thursday, January 19, 2023**                                             **Hearing Room   301**

<u>1:30 PM</u>
**CONT...        Jeffrey A Harman**                                                      **Chapter 7**

during the State Court Action and Debtor's schedules. Although there is a pending
adversary proceeding, the issues for discovery regarding the Rule 2004 examination of
Debtor are different than those pertinent to the Adversary Proceeding.

In the Adversary Proceeding, Creditor seeks a determination that her debt is
nondischargeable. The outcome in the Adversary Proceeding will hinge on whether
Creditor can establish: (1) that the debt owed to her was incurred by false pretenses,
false representation or actual fraud; (2) that Debtor committed fraud while acting in a
fiduciary capacity; and/or (3) that Debtor committed willful and malicious injury to
Creditor or Creditor's property. In contrast, in the Motion, Creditor seeks information
about Debtor's assets, income and overall financial condition so that the Creditor may
determine if there are assets available for the Trustee to liquidate and distribute to
creditors. These same issues cannot be fully explored within the Adversary
Proceeding; they do not pertain to Creditor's nondischargeability claims under 11
U.S.C. § 523. Consequently, the pending proceeding exception to Rule 2004 is not
properly applied to preclude Creditor's requested 2004 Examination of Debtor.

Once Creditor established good cause for conducting a Rule 2004 examination of
Debtor, the burden shifted to Debtor to show that the examination would be
oppressive or burdensome. Debtor's main argument is that Creditor is improperly
seeking documents through the Motion to aid in the Adversary Proceeding. However,
the document production requests concern the estate's interest in assets and are not
pertinent to Creditor's claims in the Adversary Proceeding.

Because the pending proceeding exception does not apply, and conducting a Rule
2004 examination of Debtor is appropriate for Creditor to ascertain the accuracy of
Debtor's schedules and the value of the estate's assets, the Court will grant the Motion.

**IV. CONCLUSION**

The Court will grant the Motion.

Creditor must submit the order within seven (7) days.

**FOOTNOTES**

# United States Bankruptcy Court
## Central District of California
### San Fernando Valley
### Victoria Kaufman, Presiding
### Courtroom 301 Calendar

**Thursday, January 19, 2023**                                    **Hearing Room      301**

<u>1:30 PM</u>
**CONT...      Jeffrey A Harman**                                                      **Chapter 7**
FN 1: In his schedule I, Debtor did not state how long his spouse had been employed
by Conjunction.

|                     Party Information                     |
| --- |

**<u>Debtor(s):</u>**

Jeffrey A Harman                          Represented By
                                           Stella A Havkin

**<u>Trustee(s):</u>**

Amy L Goldman (TR)                        Pro Se